## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| **Lindsay Murray** | : **CASE NO**.: _____ |
| **830 Andrews Road** | : |
| **Medina, OH 44256** | : **JUDGE** |
|  | : |
| **Plaintiff,** | : |
| **v.** | : **COMPLAINT** |
|  | : |
| **Colorado Technical University** | : |
| **4435 North Chestnut Street** | : **A Trial by the Maximum Number of Jurors** |
| **Colorado Springs, CO 80907** | : **is hereby Demanded** |
|  | : |

Here comes Plaintiff Lindsay Murray and sets forth a *Complaint* against Defendant Colorado Technical University as follows:

### JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3.      Plaintiff, Lindsay Murray (hereafter "Plaintiff"), is an adult individual whose residence is in Medina, Ohio, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4.      Defendant, Colorado Technical University  ("CTU"), is a Colorado business entity with an address of 4435 North Chestnut Street, Colorado Springs, Colorado 80907, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

**FACTS**

5.      Within the last four years, CTU began calling Plaintiff's cellular telephone, number 330-XXX-1672, using an automatic telephone dialing system ("ATDS" or "predictive dialer").

6.      When she answered calls from CTU, Plaintiff heard silence prior to being connected with a live agent.

7.      On or about August 11, 2016, Plaintiff waited to be connected with a live agent and demanded that all calls to her cellular telephone number cease.

8.      Nevertheless, CTU continued to place automated calls to Plaintiff's cellular telephone number.

9.      CTU's calls directly interfered with Plaintiff's right to peacefully enjoy a service for which Plaintiff pays.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et. seq.***

10.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer and/or using a prerecorded or artificial voice.

12.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

2

a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

13.     Defendant's telephone system(s) have some earmarks of a predictive dialer.

14.     When Plaintiff answered calls from Defendant, she heard silence before Defendant's telephone system would connect her to the next available representative.

15.     Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16.     Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

18.     Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

19.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as this Court may determine to be just and proper.

Dated: <u>December 30, 2016</u>

Respectfully submitted,

By:   <u>/s/ Sergei Lemberg</u>

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
A Connecticut Law Firm
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Lindsay Murray

### JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

_/s/ Sergei Lemberg_
Sergei Lemberg, Esq.